IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DEANGELO BROTHERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-0919-CV-W-NKL |
| | ) | |
| DONALD HORNE and LARRY JENSEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

ORDER

This indemnification action arises from the Court's allocation and award of damages in *K.C. 1986 Ltd. P'ship v. Reade Mfg. Co.*, Civ. No. 02-0853 (W.D. Mo. 2005) (the "Contribution Litigation"). Plaintiff DeAngelo Brothers, Inc., ("DeAngelo Brothers") seeks indemnification from Defendants Donald Horne ("Horne") and Larry Jensen ("Jensen") for the liability and legal fees incurred in the Contribution Litigation and related proceedings. Pending before the Court is DeAngelo Brothers' Motion for Summary Judgment [Doc. # 30]. For the reasons set forth below, the motion will be granted in part.

I.  **Factual Background**

In 1997, Neal A. DeAngelo and Paul DeAngelo ("the DeAngelos") purchased all the stock of HABCO International, Inc. ("Habco International"), from Defendants Horne

1

and Jensen through a Stock Purchase Agreement (the "Agreement"). While negotiating the terms of that Agreement, Neal DeAngelo learned of legal proceedings concerning alleged environmental contamination at a site located in Armour Road in Kansas City, Missouri (the "Armour Road Site"), which had at one time been owned by Horne or entities which he controlled. Concerned about possible exposure to damages and expenses related to the environmental contamination at the Armour Road Site, the DeAngelos bargained for an indemnification clause in the Agreement whereby Horne and Jensen agreed to indemnify the DeAngelos and their successors for any damages, expenses or liability for the environmental contamination. Section 10.2(a) reads as follows:

> Each of the Shareholders [Horne and Jensen], covenants and agrees at his sole cost and expense, to severally indemnify, defend, protect, save and hold harmless Buyer [Paul and Neal DeAngelo] and the Company [Habco International] from and against any and all claims, demands, lawsuits, judgments, awards, penalties, fines, assessments and damages (including reasonable attorneys and other professional fees and disbursements and costs associated therewith, unless otherwise limited or prohibited by the other terms of this Agreement) ("Damages"), directly or indirectly related to actions or causes of action arising out of or resulting from: . . . Environmental Damages arising from the litigation styled: *K.C. 1986 Limited Partnership v. Reade Manufacturing, a Division of Reactive Metals & Alloys Corp., and U.S. Borax, Inc., Hardee's Food Systems, Inc., and Terracon Environmental, Inc. v. Habco, Inc., Donald E. Horne, Victor A. Horne, Jr., DEH Merrywood Co., and Habco Int'l..*, Case No. 93-1062-CV-W-5 in the United States District Court for the Western District of Missouri ("K.C. 1986 Limited Partnership Litigation") or any Joinder, or attempt to join or any separate claim, suit or action threatened or instituted against the indemnified parties with respect to the K.C. 1986 Limited Partnership Litigation or an assertion, or attempted assertion against any such indemnified person or successor liability for the damages asserted in the K.C. 1986 Limited Partnership Litigation or any

Environmental Damages relating to the property which is the subject of such litigation.

Section 10.4(a)(i) further provides:

> If a claim for Damages or Environmental Damages (a "Claim") is to be made by a party entitled to indemnification hereunder or if any party entitled to be indemnified under this Article X (an "Indemnified Party") receives notice of the assertion by any third party of any claim or the commencement by any such third person of any Action together with any claim or action described in Section 10.2 above, including, but not limited to the K.C. 1986 Limited Partnership Litigation (any such claim or Action being referred to herein as "Indemnifiable Claim") with respect to which another party hereto (an "Indemnifying Party") is or may be obligated to provide indemnification, the Indemnified Party shall promptly notify the Indemnifying Party in writing ("Claim Notice") of the Indemnifiable Claim; provided, that the failure to provide such notice shall not relieve or otherwise affect the obligation of the Indemnifying Party to provide indemnification hereunder, except to the extent that Shareholders demonstrate actual prejudice caused by such failure.

These indemnification provisions were subject to a survival clause at Section 10.7(d) of

the Agreement which provides:

> <u>Survival of Indemnification</u>. The indemnification obligations of shareholders shall survive until fifteen (15) months after the Closing Date; <u>provided</u>, that the indemnification obligations made pursuant to (i) Section 4.12 [tax provisions] shall be governed by Section 10.5 hereof, (ii) Section 4.21 [labor and employment provisions] and the K.C. 1986 Limited Partnership Litigation shall survive the Closing until the expiration of the applicable statute of limitations related to the subject matter thereof.

A final provision on notice at Section 11.1 states:

> <u>Notices</u>. All notices and other communications under or in connection with this Agreement shall be in writing and shall be deemed given . . . (b) if delivered by registered or certified mail (return receipt requested), upon the earlier of actual delivery or three (3) days after being mailed . . . to the parties at the following addresses: . . .
>
>     Larry Jensen

3

>     P.O. Box 868
>     Mesquite, NV 89024

The Agreement was executed on March 19, 1997. The DeAngelos continued to operate Habco International under the same name until October 1998, when it was statutorily merged into DeAngelo Brothers, Inc., of which Neal A. DeAngelo was the CEO.

As the DeAngelos had feared, Habco International was named as a third party defendant in the K.C. 1986 Limited Partnership Litigation. The Court eventually dismissed that suit on December 9, 1998, pursuant to the stipulation of the parties, in order to allow the United States Environmental Protection Agency to conduct an investigation concerning the Site.

Following that investigation, the case was refiled in 2002 in an action styled *K.C. 1986 Limited Partnership v. Reade Manufacturing,* Civ. No. 02-0853-CV-W-NKL (the "Contribution Litigation"). On June 5, 2002, DeAngelo Brothers received a General Notice Letter from the EPA concerning the Site and the new lawsuit. On July 1, 2002, DeAngelo Brothers' corporate counsel Steven Roth sent a letter by certified mail to Jensen at the P.O. Box listed as his address in the Agreement. The letter was returned and then resent on July 8. The letter provides:

> Dear Mr. Jensen:
>
> We are writing to re-notify you of an Indemnifiable Claim as defined in Section 10.4(a) of the Stock Purchase Agreement by and among Neal A. DeAngelo, Paul D. DeAngelo (collectively "Buyer"), Larry L. Jensen and Donald E. Horne ("Shareholders"), dated March 19, 1997 (the "Stock Purchase Agreement") relative to the purchase of shares of HABCO International, Inc., (the "Company").

4

> Specifically, the Buyer has received the enclosed General Notice Letter from the United States Environmental Protection Agency ("EPA") relative to the alleged Environmental Liability.
>
> The Buyer and Company hereby make demand upon the Shareholders to undertake, conduct and control, at Shareholders' expense, the settlement or defense of the Indemnifiable Claim; described above, and in the attached EPA General Notice Letter.

This letter was carbon copied to Avron Gordon, an attorney with Briggs and Morgan, the law firm identified in the Agreement as "counsel for Shareholders" Horne and Jensen.

In an affidavit submitted with his Suggestions in Opposition to the pending motion, Jensen states that he never received this letter or any notice from the DeAngelos of the indemnifiable claim. He states that in October 1997, the post office started home delivery of the mail previously sent to his P.O. Box, so any notice sent to that address should have been forwarded to him. DeAngelo Brothers has submitted certified mail receipts for the July 1 and July 8, 2002 letters, showing that they were sent to the address Jensen listed in the Agreement. DeAngelo Brothers has also submitted certified mail receipts for the attempted service of the Complaint in the present action to that same address, all of which were returned as "unclaimed" without being forwarded. There is no evidence that Jensen ever informed DeAngelo Brothers of any address change from the one listed in the Agreement.

Briggs and Morgan attorney Thomas A. Larsen responded to the carbon copy of the letters to Jensen in an August 15, 2002 letter to DeAngelo Brothers attorney, Steven Roth. That letter, which Larsen also carbon copied to Jensen, begins:

Dear Mr. Roth:

> I am writing to respond to your letter of August 2, 2002 [sic] and to follow up on our telephone conversations. In your letter you request that Larry Jensen and Donald Horne undertake the control and defense of the resolution of environmental issues regarding the site at 2251 Armour Road, North Kansas City, Missouri, as present in a June 5, 2002, letter from the Environmental Protection Agency, Region 5. . . .

Thus, even if the letters were never received by Jensen himself, at least one of the carbon copies was received by his agent as listed in the Agreement.

On May 27, 2005, the United States Department of Justice commenced a separate recovery cost action in this Court concerning contamination at the Site against several of the parties in the K.C. 1986 Limited Partnership Litigation, including DeAngelo Brothers. Case No. 05-497 ("the Recovery Action"). DeAngelo Brothers again sent letters to Defendants giving written notice of that claim and demanding indemnity and a defense in the EPA Action in accordance with the obligations under the Agreement. Neither Horne nor Jensen defended or indemnified DeAngelo Brothers with regard to any of these claims.

Donald Horne died on January 7, 2007. His estate has not yet been substituted as a party this action.

**II.     Discussion**

DeAngelo Brothers seeks summary judgment on all claims. Due to Horne's death, the Court will reserve judgment on the claims against him until his estate is substituted as a party. As for Jensen, DeAngelo Brothers seeks summary judgment on its claims for declaratory relief (Count I), breach of contract (Count II) and equitable estoppel (Count

6

II). With regard to the first and third Counts, DeAngelo Brothers seeks a declaration that Jensen has (and is estopped from denying) a present and continuing duty to defend and indemnify DeAngelo Brothers in the Contribution Litigation (Case No. 02-853), the Recovery Action (Case No. 05-497) and a Minnesota state court Declaratory Judgment Action (Case No. CT-04-015464, Fourth Judicial District Court of Minnesota) ("the Insurance Declaratory Judgment Action"). During oral arguments, the parties agreed that Pennsylvania law controls this case per the choice of laws provision of the Agreement.

### A. Notice

Jensen received sufficient notice of the Contribution Litigation and a demand for defense and indemnification. The Agreement provides that notice "shall be deemed given . . . (b) if delivered by registered or certified mail (return receipt requested), . . . three (3) days after being mailed . . . to the parties at the following addresses . . . ." The uncontroverted evidence shows that counsel for DeAngelo Brothers mailed a letter to Jensen's correct address via certified mail notifying him of the Contribution Litigation and demanding defense and indemnification. It is immaterial whether Jensen actually received the letter. Mailing the notice and demand letter in accordance with the terms of the agreement effectively triggered Jensen's duty to defend and indemnify DeAngelo Brothers in the Contribution Litigation. *Indem. Ins. Co. of N. Am. v. Motorists Mut. Ins. Co.*, 551 Pa. 237, 242 (Pa. 1998) ("A clear and unambiguous contract provision must be given its plain meaning, unless to do so would be contrary to a clearly expressed public policy.").

### B. Survival of the Duty to Defend and Indemnify

As for the other two suits, the Recovery Action and the Insurance Declaratory Judgment Action, any potential duty on the part of Jensen to defend or indemnify DeAngelo Brothers was limited to fifteen months from the date the Agreement closed. The indemnification provisions of Section 10.2(a) covers the

> K.C. 1986 Limited Partnership v. Reade Manufacturing, a Division of Reactive Metals & Alloys Corp., and U.S. Borax, Inc., Hardee's Food Systems, Inc., and Terracon Environmental, Inc. v. Habco, Inc., Donald E. Horne, Victor A. Horne, Jr., DEH Merrywood Co., and Habco Int'l.., Case No. 93-1062-CV-W-5 in the United States District Court for the Western District of Missouri ('K.C. 1986 Limited Partnership Litigation') <u>or any Joinder, or attempt to join or any separate claim, suit or action threatened or instituted against the indemnified parties with respect to the K.C. 1986 Limited Partnership Litigation or an assertion, or attempted assertion against any such indemnified person or successor liability for the damages asserted in the K.C. 1986 Limited Partnership Litigation or any Environmental Damages relating to the property which is the subject of such litigation.</u> (Emphasis added).

However, the survival clause in Section 10.7(d) limits the duty to defend and indemnify to fifteen months for all claims except those relating to the tax provisions, the labor and employment provisions, or the K.C. 1986 Limited Partnership Litigation. Reading these two provisions together, it is clear that the phrase "K.C. 1986 Limited Partnership Litigation" refers only to Case No. 93-1062-CV-W-5 which was dismissed in 1998 and refiled in 2002 as Case No. 02-0853.

If, as DeAngelo Brothers contends, "K.C. 1986 Limited Partnership Litigation" also referred to all other cases arising out of the environmental contamination at the Armour Road Site, the qualifying language of Section 10.2(a) underlined above would be

8

superfluous. Because the term "K.C. 1986 Limited Partnership Litigation" in Section 10.2(a) precedes the word "or" and then a list of additional claims related to the property that may also be indemnified, there is no logical basis for finding that the term "K.C. 1986 Limited Partnership Litigation" is a shorthand term for all those additional claims related to the K.C. 1986 property. *Mutual of Omaha Ins. Co. v. Bosses*, 428 Pa. 250 (Pa. 1968) (nothing that an indemnity contract "must be construed in such a manner as to give effect to all of its provisions [rather than] in such a way as to render any part of it useless and unnecessary").

Thus, the survival clause limits all those additional claims to fifteen months after the Closing.[1] Since the Recovery Action and the Insurance Defense Declaratory Judgment Action did not arise until 2005, seven years after the closing, there could be no surviving duty to defend or indemnify DeAngelo Brothers with regard to those cases.

### C. Damages

The briefing and exhibits produced by DeAngelo Brothers address liability for all attorneys fees and costs incurred in all three cases. Because the Court has concluded that Jensen is liable only for the Contribution Litigation, Case No. 02-0853, the Court cannot grant summary judgment as to the amount of damages at this time.

## III. Conclusion

Accordingly, it is hereby

---

[1] The reference at the end of the survival clause to "the expiration of the applicable statute of limitations related to the subject matter thereof" refers to the tax and employment claims which also survive.

9

ORDERED that Plaintiff DeAngelo Brothers' Motion for Summary Judgment is GRANTED in part and DENIED in part. The Motion is GRANTED as to the joint and several liability of Defendant Jensen to defend and indemnify DeAngelo Brothers with regard to the *K.C. 1986 Ltd. P'ship v. Reade Mfg. Co.*, Civ. No. 02-0853 (W.D. Mo. 2005). The Motion is DENIED as to Jensen's liability to defend or indemnify DeAngelo Brothers with regard to any other case. The Court will wait to rule on the Motion as to Donald Horne.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: February 21, 2007
Jefferson City, Missouri