IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEANGELO BROTHERS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-0919-CV-W-NKL |
| ) | |
| DONALD HORNE and LARRY JENSEN, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

ORDER

On February 21, 2007, the Court entered partial summary judgment against Defendant Larry Jensen, finding that he had "joint and several liability . . . to defend and indemnify DeAngelo Brothers with regard to the *K.C. 1986 Ltd. P'ship v. Reade Mfg. Co.*, Civ. No. 02-0853 (W.D. Mo. 2005)." [Doc. # 54]. Jensen subsequently filed a Motion to Reconsider [Doc. # 55] to the extent that the Court found joint and several liability instead of several liability only, as provided in the Stock Purchase Agreement ("SPA") giving rise to the indemnification suit. After that Motion was filed, but before it was fully briefed, the Court also entered partial summary judgment [Doc. # 84] against Defendant Donald Horne's estate as to his liability for failing to defend Plaintiff DeAngelo Brothers in the K.C. 1986 Partnership Litigation. Because the parties were still briefing the several only liability issue as to Jensen, the Court reserved judgment as

1

to whether Horne's liability to defend was joint and several or several only. Now that the Motion to Reconsider is fully briefed, the Court grants the Motion and amends its prior rulings.

**Discussion**

Under Pennsylvania law, which governs the SPA under a choice of laws provision, "promises made by two or more persons are presumed to be joint and not several or joint and several in the absence of an apparent intention to the contrary." *Meinhart v. Heaster*, 424 Pa. Super. 433, 437 (Pa. Super. Ct. 1993). However, the SPA in the instant case provides that "[e]ach of the Shareholders, covenants and agrees at his sole cost and expense, to severally indemnify, defend, protect, save and hold harmless buyer and the Company . . . ." SPA § 10.2(a). The use of the term "several" as opposed to "joint" or "joint and several" evinces the parties' intent to opt out of the default of joint liability and make liability for defense and indemnification under the SPA several only. Plaintiff DeAngelo Brothers admits as much in its response brief, noting that "the terms of the [SPA] provide for several, and not joint and several, liability." Pl. Sugg. at 1 [Doc. # 73]. However, Plaintiff argues that the term "several" is ambiguous and must be construed against Jensen and Horne as the drafters of the SPA because the SPA does not explain what share of the liability was to be borne by each defendant. For his part, Jensen argues that the agreement was drafted by both parties and that the term "several" is not ambiguous.

The Court need not resolve who drafted the SPA to resolve the Motion for Reconsideration as the parties agree that liability is several, a word which is not ambiguous but rather a common term of art. "[I]n traditional usage promises of the same performance by different promisors are said to create 'several' duties if 'words of severance' are used, even though performance by any one of the promisors is to discharge the duties of all." Res 2d of Contracts, § 288, illus. *d*. Further,

> [w]hen a "several" obligation is entered into by two or more parties in one instrument, it is the same as though each has executed separate instruments. Under these circumstances, each party is bound separately for the performance which he or she promises, and is not bound jointly with anyone else.

12 Williston on Contracts § 36.1 (4th ed. 2006). Thus, the SPA created independent obligations on the part of both Horne and Jensen to defend DeAngelo Brothers in the Contribution Litigation as though they had each signed a separate contract with the Plaintiff to do so. The Court has already concluded that both Jensen and Horne breached his promise to defend. Each is therefore severally liable to DeAngelo Brothers for the cost of its defense of the Contribution Litigation.

**Conclusion**

Accordingly, it is hereby

ORDERED that Defendant Jensen's Motion for Reconsideration [Doc. # 55] is GRANTED. The Court's Partial Summary Judgment Orders of February 21, 2007 [Doc. # 54] and March 29, 2007 [Doc. # 84] are AMENDED to reflect that the liability of

Defendants Jensen and Horne to defend DeAngelo Brothers with regard to the *K.C. 1986 Ltd. P'ship v. Reade Mfg. Co.*, Civ. No. 02-0853 (W.D. Mo. 2005) is SEVERAL only.

                                               s/ Nanette K. Laughrey
                                               NANETTE K. LAUGHREY
                                               United States District Judge

Dated: April 16, 2007
Jefferson City, Missouri