IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEANGELO BROTHERS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05-0919-CV-W-NKL ) |
| DONALD HORNE and LARRY JENSEN, | ) ) |
| Defendants. | ) ) ) ) |

ORDER

In its Partial Summary Judgment Order of February 21, 2007, the Court concluded that Defendants Jensen and Horne's only surviving duty to indemnify DeAngelo Brothers related to attorneys' fees incurred in defending the "K.C. 1986 Limited Partnership Litigation," Case No. 02-0853. DeAngelo Brothers moves the Court to reconsider that Order, arguing that the stock purchase agreement provided that Defendants would indemnify DeAngelo Brothers "for the damages asserted in the K.C. 1986 Limited Partnership Litigation or any Environmental Damages relating to the property which is the subject of such litigation." DeAngelo Brothers argues that, because the United States' Recovery Action, Case No. 05-497, falls within the Purchase Agreement's definition of "Environmental Damage," Defendants' duty to indemnify should extend to that case as well.

1

DeAngelo Brothers is correct that the Recovery action falls within the definition of environmental damage as used in the indemnification clause; however, claims for environmental damage other than those raised in the K.C.1986 Limited Partnership Litigation itself were limited to 15 months from the date of closing by the survival clause. As the Court has explained, the phrase "KC. 1986 Limited Partnership Litigation" in the survival clause must refer only to Case No. 02-0853 because the same phrase is used in the indemnification clause as one item in a list which includes other kinds of claims arising out of environmental damage to the same property.  If the phrase as used in the survival clause  was intended to encompass other environmental claims besides those asserted in Case No. 02-0853, the list of other claims in the indemnification clause would be superfluous.

Finally, the reference to the applicable statute of limitations at the end of the survival clause pertains to the other categories of claims which survive beyond 15 months, such as those involving employment and tax provisions.  If, as DeAngelo Brothers contends, the limitations language were to apply to other environmental damage claims so long as they were filed within their own statute of limitations, the 15 month limitation would cease to have any meaning.  For these reasons, DeAngelo Brothers Motion to Reconsider [Document # 100] is DENIED.

IT IS SO ORDERED.

s/ Nanette K. Laughrey<br>NANETTE K. LAUGHREY<br>United States District Judge

Dated: April 25, 2007
Jefferson City, Missouri