IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DEANGELO BROTHERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-0919-CV-W-NKL |
| | ) | |
| The Estate of DONALD HORNE, and | ) | |
| LARRY JENSEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER

On April 17, 2007, the Court conducted a bench trial to determine the amount of

attorneys' fees Defendants Larry Jensen and the Estate of Donald Horne owed Plaintiff

DeAngelo Brothers, Inc. ("DeAngelo Brothers"), for failing to defend DeAngelo Brothers

in the *K.C. 1986 Ltd. P'ship v. Reade Mfg. Co.*, Civ. No. 02-0853 (W.D. Mo. 2005)

("K.C. 1986 Limited Partnership Litigation").  On May 17, before the Court issued its

Findings of Fact and Conclusions of Law with regard to the bench trial, DeAngelo

Brothers filed a Motion to Stay [Doc. # 115] all proceedings in the Probate Court of

Hennepin County, Minnesota, in Case Number 27-PA-PR-07-398, where Donald Horne's

Estate was being probated.  In its one page Motion and two page Suggestions in Support,

DeAngelo Brothers asserts that Horne's estate is trying to transfer to the probate court

certain insurance proceeds which are being held in escrow.  DeAngelo Brothers contends

1

it has a superior claim to these insurance proceeds by virtue of this suit and other

agreements between itself and Donald Horne.  However, neither DeAngelo Brothers'

Motion nor its Suggestions offer any legal basis or authority for this Court to stay all

proceedings in a state probate court.

On May 21, 2007, the Court issued its Findings of Fact and Conclusions of Law

[Doc. # 117], holding Jensen and the Estate of Donald Horne liable to Plaintiff DeAngelo

Brothers for attorneys' fees in excess of $300,000.  The Court entered a Clerk's Judgment

the following day and ordered expedited briefing on the Motion to Stay.  In its Response

brief [Doc. # 121], the Horne Estate opposes the Motion to Stay on the grounds that

DeAngelo Brothers offers no legal basis for imposing a stay and, therefore, treats the

motion as one for a preliminary injunction.  A preliminary injunction is an extraordinary

remedy, *see Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc*., 815 F.2d 500, 503 (8th

Cir.1987), and the burden of establishing the propriety of an injunction is on the movant,

*Goff v. Harper*, 60 F.3d 518, 520 (8th Cir.1995).  As Horne's Estate notes, DeAngelo

Brothers' Motion offers no evidence of its likelihood of success on the merits, on the

potential for irreparable harm, or on how the Court should balance the equities of other

affected parties and the public interest.  *See Dataphase Sys. Inc. v. CL Sys. Inc*., 640 F.2d

109, 114 (8th Cir. 1991) (en banc).  For his part, Jensen sides [Doc. # 120] with

DeAngelo Brothers, arguing for the stay because he believes he is entitled to a credit

against his liability in this case for any monies recovered from the insurance proceeds

2

held in escrow.  Like DeAngelo Brothers, however, Jensen provides the Court with no legal argument to support the imposition of injunctive relief.

Finally in its Reply brief [Doc. # 122], DeAngelo Brothers introduces for the first time evidence of the so-called "Side Letter Agreements" between itself and Horne governing the insurance proceeds, and offers oblique legal authority from the All Writs Act, 28 U.S.C. §1651(a), to the "in aid of its jurisdiction" language in the Anti-Injunction Act, 28 U.S.C. §2283.  As a general rule, however, arguments raised for the first time in a reply brief are generally not considered by the courts.  *Bearden v. Lemon*, 475 F.3d 926 (8th Cir. 2007); *State Automobile Mutual Insurance Co. v. Mitchell*, 179 F.3d 590 (8th Cir. 1999).  Even if the Court were inclined to consider DeAngelo Brothers' newly raised arguments, the Court would be obligated to grant Defendants the opportunity for surreply which would defeat the Court's attempt at expedited briefing on the Motion to Stay.

DeAngelo Brothers has failed to meet the heavy burden necessary to warrant injunctive relief.  The Court has already issued a final judgment in this case; indeed, Jensen has already filed a notice of appeal.  The Motion for Stay [Doc. # 115] is DENIED.  The Estate of Donald Horne's concomitant Motion to Strike DeAngelo Brothers' Reply Brief [Doc. # 123] is therefore DENIED as MOOT.

3

IT IS SO ORDERED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: July 9, 2007
Jefferson City, Missouri